IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 C 2712 |
| | ) | |
| | ) | Magistrate Judge M. David Weisman |
| FRANK BISIGNANO, Commissioner of Social Security,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Martin D. appeals the Commissioner's decision finding him not disabled. For the reasons set forth below, Plaintiff's motion to reverse or remand the Commissioner's decision [15] is denied and Defendant's motion for summary judgment [16] is granted. The Commissioner's decision is affirmed. Civil case terminated.

### Background

On October 25, 2022, Plaintiff filed his application for Title II disability insurance benefits ("DIB") alleging disability as of February 21, 2020 due to neck and lower back injuries; degenerative disc disease of the cervical and lumbar spine; need for a left knee replacement and for the right knee to be "rebuilt;" osteoarthritis; patellar displacement; sacroiliitis; and fibromyalgia (R.207). At the time of his alleged date of disability onset (2/21/2020), Plaintiff was 52 years old ("approaching advanced age" per SSA; 20 C.F.R. §404), having been born on July 21, 1967 (R.182). He was insured for Title II DIB through December 31, 2021 (R.201). Plaintiff's DIB Application was denied initially on May 19, 2023 (R.98-101). He filed a timely request for reconsideration on June 15, 2023 (R.102), and SSA denied his application 12 days later, on June 27, 2023, without reviewing any additional evidence (R.105-07). The agency stated that it had not received any additional evidence since denying Plaintiff's claim on May 19, 2023.[2]

---

[1] Frank Bisignano was sworn in as Commissioner of Social Security on May 7, 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), is automatically substituted for Leland Dudek as the defendant in this suit.

[2] Anecdotally, Plaintiff's counsel states that he "cannot recollect the agency denying a claim so quickly without allowing the claimant even a full two weeks to submit additional evidence." Because Plaintiff does not ask for any relief relating to this statement, the Court does not address it.

1

A timely request for hearing was filed on August 2, 2023 (R.109-111), and a hearing was held telephonically on December 15, 2023, before Administrative Law Judge (ALJ) Patricia Supergan, (R.29-49). On January 31, 2024, the ALJ rendered her decision finding Plaintiff not disabled on the basis that he could perform "other jobs" at Step Five of the sequential evaluation (R.15-25). A timely request for review of the ALJ's decision was filed with SSA's Appeals Council (AC), and on January 13, 2025, the AC denied Plaintiff' request for review, making the ALJ 's decision the final determination of the Commissioner (R.1-6).

## Analysis

"ALJs are 'subject to only the most minimal of articulation requirements'— an obligation that extends no further than grounding a decision in substantial evidence." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024) (quoting *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024)). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is not the job of a reviewing court to "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

The ALJ decided that through his DLI (December 31, 2021), Plaintiff could engage in light work (walking/standing for up to six hours a day, every day), and that for up to ⅓ of the workday (i.e., occasionally), he could climb ramps and stairs, as well as balance, stoop, kneel, crouch, and crawl (R.18-19). To prove disability in this case, Plaintiff had to show that he became disabled during the 23-month period between February 21, 2020, the date Plaintiff alleged that his disability began and December 31, 2021, the last day on which Plaintiff was insured for disability insurance benefits.[3]

---

[3] The Commissioner expressly notes that the ALJ adjudicated whether Plaintiff became disabled between February 21, 2020, the date that he alleged that his disability began (also known as the "alleged onset date" or "AOD"), and December 31, 2021, the last date that Plaintiff was insured for disability insurance benefits (also known as his "date last insured" or "DLI") (R. 17, 25). To

Plaintiff first argues that the ALJ's RFC is not supported by substantial evidence. The ALJ concluded that through Plaintiff's DLI (December 31, 2021), he could engage in light work (walking/standing for up to six hours a day, every day), and that for up to ⅓ of the workday (i.e., occasionally), he could climb ramps and stairs, as well as balance, stoop, kneel, crouch, and crawl (R.18-19).

In addition to assessing the medical evidence, the ALJ noted that the state-agency medical consultants found Plaintiff capable of light work, stating:

> I have considered the May and June 2023 opinions of the State Agency medical consultants, at Exhibits B3A and B4A. The State Agency medical consultants also found claimant limited to a range of light exertion with some additional postural restrictions. Given the evidence, I find these opinions remain persuasive. The above residual functional capacity includes limits in climbing, stooping, balancing, kneeling, and crouching due to degenerative joint disease and degenerative disc disease in the spine. There is little evidence documenting more than general follow-up as needed during the period at issue. The record reflects a history of back and knee pain complaints. During the relevant period, claimant was prescribed medication and followed a pain management course of treatment. His complaints waxed and waned, but his condition was generally stable. He acknowledged an ability to independently perform activities of daily living. There was vague reference to cane usage during an August 2020 clinic visit, but no indication of ongoing use of an assistive device thereafter and, essentially, no indication that an assistive device was prescribed. Claimant reported improvement in his condition with intake of hydrocodone as needed and Lyrica.

(R. 23.)

According to Plaintiff, the ALJ erroneously played "amateur physician" when assessing the medical evidence by determining that "lateral patella subluxation, roughly 75% of patella which recreates pain," was trumped by other negative exam findings. But the ALJ did not play "amateur physician"; instead, she discussed the medical record, Plaintiff's testimony, and the state-agency consultants' opinions, as she is required to do. Both state-agency doctors addressed the record evidence about Plaintiff's treatment for back and knee pain and cited the relevant records, including the August 2021 knee MRIs, which indicated grade 4 patellofemoral chondromalacia with moderate lateral patellar subluxation and tilt. (R. 71.) Evidence may be "factored indirectly

---

receive disability insurance benefits, Plaintiff had to show that he had become disabled before his DLI (date of last insured). *See* 20 C.F.R. § 404.315(a)(1) (requiring claimants seeking DIB to be insured for disability); *Liskowitz v. Astrue*, 559 F.3d 736, 740 (7th Cir. 2009) ("[A] claimant must show that the disability arose while he or she was insured for benefits.").

into the ALJ's decision as part of the [state-agency doctors'] opinions." *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004); *Ramos v. Kijakazi*, 2023 WL 4554539, at *3 (7th Cir. July 17, 2023). Both state-agency doctors also found Plaintiff's allegations of pain were only partially consistent with the record (R. 72, 79) and concluded that Plaintiff could perform the requirements of light work with some postural limitations, which the ALJ fully credited (R. 73-74, 79-80).

Plaintiff also contends that ALJ ignored or passed over Dr. Lile's assessment that Plaintiff's pain may have been related to patellar maltracking and grade 4 cartilage wear on the patellofemoral joint. As an initial matter, the ALJ did note these conditions. (R. 20) ("Lateral patella subluxation at roughly 75 percent of the patella recreated some pain, bilaterally. However, claimant had full /5 strength; the knees were stable to varus/valgus stress, Lachman, and posterior drawer; and he had never McMurray sign."). In addition, as already noted, the ALJ credited the testimony of both state-agency doctors who addressed the record evidence about Plaintiff's treatment for back and knee pain and cited the relevant records indicating grade 4 patellofemoral chondromalacia with moderate lateral patellar subluxation and tilt (R. 71.) In any event, Plaintiff fails to indicate what harm resulted from the ALJ's purported failure to address these points. Plaintiff bears the burden of proving he is disabled, *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021), and he fails to point to any medical opinion indicating that patellar maltracking and grade 4 cartilage required a different RFC. *Dudley v. Berryhill*, 773 F. App'x 838, 843 (7th Cir. 2019) ("'When no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error.'").[4] Indeed, in his opening brief, when discussing the effects or purported significance of patella maltracking, Plaintiff cites only to external websites (*i.e.*, the National Institute of Health and Healthline.com), and not any record medical evidence. (Pl.'s Opening Br., Dkt. # 15, at 12.) The Court finds that the ALJ's opinion was supported by substantial evidence. *Buckhanon*, 368 F. App'x. at 679 ("The ALJ expressly relied upon the medical judgment of the state-agency consultants, and their uncontradicted opinions constitute substantial evidence.")

Plaintiff further notes that the ALJ stated that while Plaintiff had a TENS unit, he did not use it. Plaintiff faults the ALJ for failing to mention a physical therapy note that indicated the TENS unit only worked while Plaintiff was wearing it and that the pain returned when he took it off. But an ALJ need not mention every piece of record evidence. More importantly, Plaintiff fails to indicate how the physical therapist's note should have altered the ALJ's conclusion. The Court cannot reweigh the evidence or substitute our judgment for the ALJ's. *See Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). Finally, Plaintiff asserts that the ALJ "*seems* to have taken negative inferences about [Plaintiff's] physical function capacity from the fact that he had been drinking 6-8 beers a day and smokes marijuana." (Pl.'s Opening Br., Dkt. # 15, at 13) (emphasis added). But Plaintiff's statement rests on speculation. The Court can discern no basis on which to conclude that the ALJ applied any negative inference to the noted record evidence.

---

[4] *See also Buckhanon ex rel. J.H. v. Astrue*, 368 Fed. Appx. 674, 679 (7th Cir. 2010) (noting that the plaintiff "never presented an opinion on medical equivalence from those who treated J.H., nor did she ask the ALJ to recontact the state-agency consultants. All the while, however, Buckhanon was gathering other evidence for the record. The appropriate inference is that Buckhanon decided that another expert opinion would not help her.").

      For the reasons set forth above, Plaintiff's motion to reverse or remand the Commissioner's decision [15] is denied and Defendant's motion for summary judgment [16] is granted.

**Date**: September 17, 2025

                                                         **M. David Weisman**
                                                         **United States Magistrate Judge**